Romona Yvette GOURDINE and
Randolph Gourdine, Jr.,
Plaintiffs,

v.

KARL STORZ ENDOSCOPY–AMER-
ICA, INC., a California Corporation,
and Karl Storz GmbH & Co. KG, orga-
nized in Germany, Defendants.

Civil Action No. 2:14–4839–RMG

United States District Court,
D. South Carolina, Charleston Division.

Signed 02/23/2016

Carmen Sessions Scott, Motley Rice, Mt Pleasant, SC, Meghan Johnson Carter, Motley Rice, Charleston, SC, for Plaintiffs.

Duke Raleigh Highfield, Stephen L. Brown, Young Clement Rivers and Tisdale, Joseph J. Tierney, Victoria Leigh Anderson, Young Clement Rivers, Charleston, SC, Michael D. Shalhoub, Goldberg Segalla, White Plains, NY, for Defendants.

## ORDER

Richard Mark Gergel, United States District Court Judge

This matter is before the Court on Defendants' motion for a protective order barring two depositions noticed by Plaintiffs (Dkt. No. 47). For the following reasons, the Court grants the motion in part and denies it in part, and, additionally, sets forth a new briefing schedule for Defendant Karl Storz GmbH & Co. KG's ("KST") pending motion to dismiss for lack of personal jurisdiction (Dkt. No. 51).

## I. Background

This is a product liability action brought within the Court's diversity jurisdiction. Plaintiffs allege that the use of a device known as a morcellator to perform Plaintiff Romona Gourdine's hysterectomy created a substantial risk that her cancer would spread throughout her abdomen, thereby requiring extensive radiation treatment. (Compl. ¶¶ 12–25.) Plaintiffs' allege that Defendants knew or should have known of this risk and failed to communicate those risks to physicians and patients. (*Id.* ) Defendant KST, a German company,[1] manufactures the devices at issue. Defendant Karl Storz Endoscopy–America, Inc. ("KSEA"), a California company, is a subsidiary of KST that markets and distributes the devices within the United States. Defendant KST moved for dismissal for lack of personal jurisdiction on July 13, 2015. (Dkt. No. 25.) Jurisdictional discovery took place from about that time until September 18, 2015. (Dkt. No. 31.) On November 6, 2015, the Court granted the motion in part and denied it in part. The Court held that although KST is not subject to personal jurisdiction in this District on the basis of its own actions, it may be subject to personal jurisdiction through the acts of KSEA which are imputed to KST. (Dkt. No. 42.) The Court ordered further jurisdictional discovery on the limited issue of whether KSEA's actions are imputable to KST in a way that would create personal jurisdiction over KST in this matter, to be completed by January 4, 2016, followed by a renewed motion to dismiss for lack of personal jurisdiction, to be filed by February 4, 2016. (*Id.* )

On January 18, 2016, KSEA filed the motion for a protective order now *sub judice*. (Dkt. No. 47.) Briefing on that motion completed on February 16, 2016. (Dkt. No. 52.) On February 17, 2016, the parties filed a consent motion seeking to postpone the time for Plaintiff to respond to the renewed motion to dismiss for lack of personal jurisdiction until after the Court rules on the motion for a protective order. (Dkt. No. 53.)

---

1. KST's post-nominal initials "GmbH & Co. KG" identify it as a limited partnership with a limited liability company as general partner.

## II. Discussion

■ The Federal Rules of Civil Procedure contemplate that attorneys will "work cooperatively to conduct discovery." *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 361 n.3 (D. Md. 2008) (collecting cases). The Court expected the parties to complete jurisdictional discovery within the period provided without the Court's intervention. Instead, the parties have filed 267 pages detailing their inability to resolve a discovery dispute. (Dkt. Nos. 47, 50, 52.) The Court will not recite the details of the dispute. As it stands now, Plaintiffs wish to notice two depositions pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure: one for the person "most knowledgeable about the marketing materials including design, creation and changes to such materials" (Dkt. No. 47–11), and one for the person "most knowledgeable about the relationship between KSEA and KSA" (Dkt. No. 47–13.) Defendant seeks to bar those depositions, on grounds that they are outside the scope of the Court's jurisdictional discovery Order, unduly burdensome, harassing, and duplicative. (Mot. for Protective Order 1, Dkt. No. 47.)

■ Although the Court understands how Defendants respective marketing efforts might relate to the jurisdictional question, the general design, creation, and modification of marketing materials is a topic too broad to fit within the limited scope of jurisdictional discovery regarding the relationship between KSEA and KST. The court therefore grants a protective order regarding the notice of deposition filed as Docket Number 47–11. On the other hand, deposing the KSEA executive "most knowledgeable about the relationship between KSEA and KST" clearly is within the scope of jurisdictional discovery of the relationship between KSEA and KST; the Court therefore turns to KSEA's argument that such a deposition would impose an undue burden.

■ "Whether a subpoena [2] subjects a witness to undue burden within the meaning of Rule 45(c)(3)(A)(iv) usually raises a question of the reasonableness of the subpoena," an analysis that requires "weighing a subpoena's benefits and burdens" and "consider[ing] whether the information is necessary and whether it is available from any other source." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008). This inquiry is "highly case specific" and involves "an exercise of judicial discretion." *Id.* "The burden of proving that a subpoena is oppressive is on the party moving to quash." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984).

KSEA has failed to show that a single Rule 30(b)(6) deposition is oppressive. In its supporting memorandum, KSEA argues at length about the volume of written discovery that has taken place, as measured by number of requests and by number of pages produced.[3] But that has no relevance either for the burden that a deposition would impose or for the critical questions of whether the sought "information is necessary and whether it is available from any other source." Instead of

---

**2.** In this case it appears that no subpoenas have issued, but the standard for quashing a deposition subpoena as unduly burdensome is, logically, the same as the standard for prohibiting a deposition as unduly burdensome by protective order.

**3.** The Court notes that the "over 2,200 pages of documents" vociferously complained of by KSEA (approximately one banker box) is hardly a shocking volume of discovery regarding the international relationship between enterprises with total annual revenues exceeding $1 billion.

explaining why a deposition would be "unreasonably cumulative or duplicative," KSEA complains that "Plaintiffs have failed to explain why a Rule 30(b)(6) deposition would not be 'unreasonably cumulative or duplicative'" and that "Plaintiffs have failed to demonstrate that the previous answers provided to them were insufficient." (Mem. Mot. 10–11.) But KSEA bears the burden of persuasion here, not Plaintiffs. The inflamed rhetoric of KSEA's motion memorandum cannot conceal the fact that it does not seriously attempt to meet that burden.

In its reply, however, KSEA does raise points germane to consideration of its motion. KSEA asserts that written discovery has conclusively established that KSEA is organized according to its own articles of incorporation, has its own executive officers, issues dividends pursuant to board resolutions, conducts is own banking transactions, has its own employees, etc. (Reply 3–4.) KSEA also asserts that it has produced relevant insurance policies and information about KSEA and KST's respective roles in product marketing. (*Id.* 9–11.) For the purposes of KSEA's motion for a protective order, the Court accepts that further discovery as to whether KSEA is a "shell" company—*i.e.*, a company existing only on paper as a legal or financial maneuver of some other entity—is unnecessary. But the jurisdictional question is whether KSEA's activities are imputable to KST in a way that would give rise to personal jurisdiction over KST. KSEA has not demonstrated that a single deposition of the person "most knowledgeable about the relationship between KSEA and KST" is unnecessary to answer that question, or why one deposition would be onerous. Therefore, the Court grants leave for Plaintiffs to conduct one deposition pursuant to Rule 30(b)(6), as noticed in the document filed as Docket Number 47–13, to be held at a time and place mutually agreed by the parties and within fourteen days of the date of this order.

The parties have also asked the Court to set a new briefing schedule for the motion to dismiss. (Dkt. No. 53.) The Court is extremely concerned about the continuing delay in resolving jurisdictional issues in this case. Jurisdictional discovery began in July 2015 and is, apparently, still incomplete. Moreover, the parties have made a regular practice of seeking deadline extensions. (*See, e.g.*, Dkt. Nos. 19 (joint Rule 26(f) report seeking a one year extension of discovery), 23 (joint motion for extension of discovery deadlines), 28 (motion for extension of time), 30 (consent motion to stay deadlines), 26 (letter motion to extend deadlines), 44 (letter motion proposing amended scheduling order with extended deadlines), 53 (consent motion for extension of time).)

Therefore, the Court sets aside its text Order dated February 19, 2016 (Dkt. No. 54) and sets forth the following briefing schedule for the pending motion to dismiss (Dkt. No. 51). The pending motion to dismiss will not be amended. Plaintiffs shall respond to the motion to dismiss within seven days of the completion of the aforementioned deposition (or, if Plaintiffs fail to notice the deposition, within ten days of the date of this Order). KST may address any issues that may arise from the aforementioned deposition in their reply to Plaintiffs' response, which shall be due within seven days from the date of service of Plaintiff's response. Plaintiff may file a sur-reply within three days of Defendant's reply. The Court orders that the additional three days allowed by Rule 6(d) of the Federal Rules of Civil Procedure for ECF service shall not apply to these deadlines. Since the deposition shall occur no more than fourteen days from the date of this Order and the parties shall complete briefing on the motion to dismiss no more than

seventeen days after that, the jurisdictional issue in this matter will be ripe for disposition within thirty-one days from the date of this Order.

## III.  Conclusion

For the foregoing reasons, the motion for a protective order (Dkt. No. 47) is **GRANTED IN PART** and **DENIED IN PART.** It is **ORDERED** that Plaintiff is allowed to conduct one and only one deposition of Defendant KSEA, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and as set forth in this Order, within fourteen (14) days of the date of this Order.

And it is **FURTHER ORDERED** that the Court's Order dated February 19, 2016 (Dkt. No. 54) is **SET ASIDE;** that the consent motion for an extension of time (Dkt. No. 53) is **GRANTED;** that Plaintiffs shall respond to Defendant KST's motion to dismiss (Dkt. No. 51) within seven (7) days from the completion of the deposition allowed by this Order, or, if no such deposition occurs, within ten (10) days of the date of this Order; that Defendant KST's reply shall be due within seven (7) days of date of service of Plaintiff's response; that, if Defendant KST files a Reply, Plaintiffs may file a sur-reply within three (3) days of the date of service of that reply; and that the provisions of Rule 6(d) of the Federal Rules of Civil Procedure shall not apply to the calculation of brief dates regarding Defendant KST's motion to dismiss.

**AND IT IS SO ORDERED.**